**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Brenda Robinette,** | ) | **CASE NO. 1:16 CV 3097** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Cleveland Clinic/Medina Hospital, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## Introduction

This matter is before the Court upon defendant Just-In-Time Staffing's Motion to Dismiss Amended Complaint (Doc. 15). This case arises out of the termination of plaintiff's employment. For the following reasons, the motion is DENIED.

## Facts

Plaintiff Brenda Robinette, proceeding *pro se*, filed her Amended Complaint against defendants Cleveland Clinic/Medina Hospital and Just-In-Time Staffing. The Amended Complaint alleges the following.

Plaintiff, who is black, was hired by Just-In-Time Staffing (hereafter, defendant) on

1

June 29, 2015, to work at the Cleveland Clinic's Wooster, Ohio location as a Contract Phlebotomist. Plaintiff was interviewed by defendant's recruiter, Antoinette Crimi, who was also plaintiff's primary contact person throughout the assignment. During the interview, Crimi explained to plaintiff that once placed on assignment, she would basically be employed by the Cleveland Clinic. Plaintiff was told she would do her training at the Cleveland Clinic Medina Hospital prior to starting at the Wooster location. Bruce Williams was plaintiff's supervisor. Plaintiff did work at both locations but was not compensated for "floating." Plaintiff had an incident with a patient who yelled at her while plaintiff was trying to get a blood specimen from his wife. Plaintiff believed the incident was motivated by her race. Plaintiff wrote an incident report and gave it to Williams. She gave a copy to Crimi. The next day, Williams called plaintiff into his office to address several complaints he had about plaintiff. When plaintiff inquired as to her incident report, Williams stated that he would give it to security. Two black patients complained to plaintiff about not being treated fairly at the hospital by other white staff members, including a phlebotomist. A white phlebotomist refused to draw a black patient's blood and plaintiff did it instead. Defendant scheduled a younger white male phlebotomist to work at both Wooster as well as Medina, although he lived in Akron. Plaintiff lived in Canton and was told by defendant that it tried to send phlebotomists to locations closest to them. Plaintiff contacted defendant about this and was told not to worry about someone else's schedule. Ultimately, plaintiff had to draw the blood of an infant at the hospital, a job not considered by plaintiff to be one of her "strong points." In doing so, "some blood smeared on [the] pk card." The phlebotomist plaintiff was working with "made a big deal about it." She yelled at plaintiff and plaintiff yelled back. The next

2

morning, plaintiff was notified by defendant that her assignment had been terminated by Williams due to the incident. Thereafter, Williams refused to give plaintiff a reference for new employment.

While the Amended Complaint does not contain enumerated counts, it asserts race discrimination, wrongful termination, and retaliation under federal law.

This matter is now before the Court upon defendant Just-In-Time Staffing's Motion to Dismiss Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

Defendant argues that plaintiff fails to state a claim because she admits in her pleading that defendants had a legitimate, non-discriminatory reason for terminating her. Therefore, she admits the absence of pretext. In particular, defendant points to plaintiff's allegation that she had difficulty drawing infants' blood. In doing so one evening, she smeared the sample on a PK card. This precipitated a yelling match with the other phlebotomist working that night. Plaintiff was notified the next day that she had been terminated due to the "incident that night." (Am.Compl.¶¶14, 15) On this basis, defendant maintains, plaintiff acknowledges the misbehavior and that it led to the termination.

It is well-established that once a plaintiff in a Title VII discrimination case establishes a prima facie case, the employer must set forth a legitimate, non-discriminatory reason for the adverse action and the plaintiff must then establish that the reason was pretextual. The plaintiff may meet her burden of establishing pretext by showing: (1) the stated reasons had no basis in fact; (2) the stated reasons did not actually motivate the adverse employment

4

action; or (3) the stated reasons were insufficient to warrant the challenged conduct. *Maben v. Southwestern Med. Clinic,* 630 Fed.Appx. 438 (6th Cir. 2015) (citations omitted).

As for pleading, other courts have recognized that "for Title VII claims, the plaintiff is not required to establish a prima facie case to withstand a motion to dismiss for failure to state a claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-14 (2002). The Sixth Circuit has continued to apply *Swierkiewicz's* holding even after the Supreme Court's decisions in *Twombly* and *Iqbal*. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)." *Clemons v. City of Memphis*, 2016 WL 7471412 (W.D.Tenn. Dec. 28, 2016). "Consequently, so long as a plaintiff's complaint provides a defendant with fair notice of the basis of his claims, and an adequate factual basis for those claims, a plaintiff's claim of employment discrimination will survive a motion to dismiss." *Id.* (citing *Swierkiewicz*, other citations and internal quotations omitted).

Nor can dismissal be justified for the failure to plead pretext. Plaintiff may have alleged, and consequently acknowledged, that the stated reason for her termination had a basis in fact, but the Court cannot assume, at this stage, that the stated reason actually motivated the termination or was sufficient to warrant the termination.

**Conclusion**

For the foregoing reasons, defendant Just-In-Time Staffing's Motion to Dismiss Amended Complaint is denied.

IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan
                                             PATRICIA A. GAUGHAN
Dated: 5/4/17                    United States District Judge